*The probate of the paper propounded as the Will of* WILLIAM T. PINCKNEY.

THE decedent executed a will in June, 1861; and another will March 16th, 1863; also a codicil March 28th, 1863, which declares itself a codicil to a will bearing date the 21st June, 1861. The will of June, 1861, was found among the papers of his lawyer, with the seal and signature cut out; the day of the month had never been filled up. The will of March 16th, 1863, and codicil of March 28th, 1863, were proven as duly executed.

Held, that the intent of the decedent must be collected from the words he has used. The codicil cannot be attached to the will of March 16th, 1863; it declares itself to be a codicil to the will of 21st June, 1861. The effect is, to revoke and abrogate both wills. Intestacy decreed. Extrinsic evidence only admissible in cases of ambiguity.

ALEXANDER W. BRADFORD, *for Proponent.*
JAMES T. BRADY, *for W. T. Pinckney, next of kin, Contestant.*
WILLIAM D. VEEDER, *for J. M. Pinckney, next of kin, Contestant.*
MORRIS S. MILLER, *Special Guardian for infant next of kin.*

UPON the death of William T. Pinckney, his widow, Eliza Pinckney, was advised to and did apply for administration, as in case of intestacy, under the state of facts hereafter related.

An application for probate was, however, also made by Howard Pinckney, and was heard at the same time. This

petitioner was named as an executor in a paper purporting to be the will of the decedent, and dated the 16th day of March, 1863. The fifth, eighth and concluding clauses of the instrument were as follows:

Fifth. All the rest, residue and remainder of my estate, real and personal, I give and devise to my executors, in trust, for the benefit of my wife during her natural life. My executors are to take charge of the same, and pay her the net income; and, on her decease, I direct the same to be divided into five shares; one of said shares I give and devise to my son William T., in fee; one other of said shares I give and devise to my son Howard, in fee; one other of said shares I give and devise to my son John M., in fee; one other of said shares I give and devise to my executors, in trust, to pay the net income thereof to my daughter Emma Augusta, during her natural life, and on her decease I give and devise her share to her issue, *per stirpes;* and the remaining share I give and devise to my executors, in trust, to pay the net income thereof to my daughter Sarah Jane during her natural life, and on her decease I give and devise her share to her issue, *per stirpes.*  *  *  *

Eighth. The provisions in favor of my wife are in lieu of dower.  *  *  *  .

In witness whereof, I have hereto subscribed my name and set my seal, this sixteenth day of March, in the year of our Lord one thousand eight hundred and sixty-three.

WILLIAM T. PINCKNEY. [L. S.]

In addition to this paper, the petitioner propounded a paper purporting to be a codicil, in the words following:

A codicil to the last will and testament of William T. Pinckney, bearing date the twenty-first day of June, in the year eighteen hundred sixty-one.

In case my son John M. shall die without issue, I give, devise and bequeath the one-fifth of the rest, residue and remainder of my estate, given to him in fee, by the fifth

clause of my will, to his surviving brothers and sisters and the issue of any deceased, such issue taking the share their parent would have taken if living.

In case my son William T. Pinckney, junior, shall die without issue, I give, devise and bequeath the one-fifth of the rest, residue and remainder of my estate, given to him in fee by the fifth clause of my will, to his surviving brothers and sisters and the issue of any deceased, such issue taking the same share their parent would have taken if living.

I hereby revoke so much of my said will as is inconsistent with this codicil.

Witness my hand and seal this twenty-eighth day of March, in the year one thousand eight hundred and sixty-three.

WILLIAM T. PINCKNEY.  [L. S.]

Signed, sealed, published and declared by the testator, as and for a codicil to his last will and testament, in our presence ; we, at his request, and in his presence, subscribing our names, as witnesses.

> ROBERT D. HART, No. 184 Allen street.
> J. H. PINCKNEY, 81 Lexington avenue.
> JONAS N. PHILLIPS, 267 9th street.

There was no testamentary paper found in the possession of decedent, at the time of his death, " bearing date the twenty-first day of June, in the year eighteen hundred and sixty-one."

Citations to attend probate were issued to the widow and next of kin and heirs-at-law.   William T. Pinckney and John M. Pinckney, sons of the decedent, contested probate.

The three subscribing witnesses to the will of the 16th of March, 1863, and to the above codicil, proved the due and formal execution of both papers, and the testamen-

tary capacity of the decedent; and these points were not in question.

In addition to the subscribing witnesses, the proponent called Alexander W. Bradford, who testified: I knew the decedent, and drew, as I supposed, two wills for him; one in June, 1861, and one in March, 1863. As to the first, in June, 1861, I judge somewhat by an entry of the fee in my book, not being able to come at it more particularly. I also recollect his calling on me to have a codicil drawn, to the general tenor of the codicil offered here.

*Cross-examined :* I cannot say, from recollection, whether, when I drafted this codicil, I had an original will before me. Indeed, when I say I drafted this codicil, I am perhaps saying even more than I recollect. I drafted a codicil to the general purport of this, and handed it to the decedent, either personally or through my clerk. In drawing a codicil, varying the provisions of a will, I would be very particular. In drafting that codicil I must undoubtedly have examined the "fifth clause" there referred to. These papers are both in the handwriting of my copyist. As to whether there was in existence any will of 1861, at the time of the date of this codicil, I cannot answer from recollection, but only from habit; but, finding a codicil with a date referring to a will, I am sure, of course, that I must have had some paper before me from which to have taken that date. I don't know whether there was or not, because I have not the slightest recollection of drawing that codicil, as a physical fact.

I produce a paper, in the handwriting of my copyist, dated the blank day of June, in the year 1861, which purports to have been signed by the decedent, but the most of his signature is torn off. It purports to have been executed in the presence of and signed by three subscribing witnesses. I find on its face certain erasures in red ink, and two interlineations in pencil in my handwriting.

on the first page. I find other alterations on the second page, in pencil, in my handwriting, and alterations in red ink in the handwriting of my clerk. At the foot, is a memorandum by my clerk: "Eng.," which means engrossed "Thursday, 20th June, '61, with above alterations, J. H. H.;" and a similar indorsement on the back, by my clerk, Mr. J. H. Hammond.

Johnson H. Hammond, called for proponents, testified: I was employed in Mr. Bradford's office some years, and knew the decedent; I recollect engrossing for the decedent some testamentary papers, of which Mr. Bradford furnished the drafts, two wills and two codicils. The last codicil was written by me in decedent's own office. One codicil and two wills were written by Mr. Bradford's direction, from his drafts furnished to me. The paper here produced as a will was written out by me. The paper offered as a codicil is also in my handwriting. The will which has been produced by Mr. Bradford, on his examination, is in my handwriting, except some of the alterations.

The witness was here shown still another testamentary paper, purporting to be an unexecuted will of decedent, and dated the blank day of June, 1861; and testified, this is in my handwriting.

He was also shown still another testamentary paper, purporting to be part of an unexecuted will of decedent, without date; and testified, this is also in my handwriting.

The three papers produced here I found in my trunk. I have memoranda in my own handwriting, made at the time of my writing out these papers. I find that on Monday, March 4, I delivered that will of 1861, to Mr. Nathan, in Mr. Bradford's office. On the 5th of March, 1863, I find a memorandum in my hand: "Engrossing will; the second will of Mr. W. T. Pinckney. Gave the same to Mr. B.," meaning Bradford, "the same day, J. H. H." I find another, "1864, June 3; engrossed codi-

cil to Mr. Pinckney's will, in his bank office, from his dictation to me, and received $1.50 for my fees." The drafts of all these papers were in Mr. Bradford's handwriting, except the codicil I drew in Mr. Pinckney's office, on the 3d of June, 1864. That codicil is not here in Court.

THE SURROGATE. The first question raised on this hearing, was whether I was at liberty to take parol evidence to explain, if possible, the singular state of facts presented. I decided to do so, but I cannot say that the evidence has tended to enlighten the mystery.

I find as facts in the case, 1st. That the decedent was, on the 20th or 21st day of June, 1861, furnished with a will drawn up by Mr. Bradford, and engrossed by his clerk, Mr. Hammond. 2d. That this will was, at some time, executed by him, the day of the date being left blank. 3d. That the paper here propounded as the last will of decedent, was subsequently executed by him on the 16th day of March, 1863. 4th. That the paper here propounded as a codicil, was also executed by him on the 28th day of March, 1863. And, 5th. That another codicil was drawn up for him on the 3d day of June, 1864, which has not been found, but was left in his possession by Mr. Hammond, who drew it.

The codicil here offered, declares itself to be a codicil to a last will of the decedent, bearing date the 21st of June, 1861. Am I at liberty to say that it belongs to the will of the 16th of March, 1863 ? It is argued that I am; and that because it fits the fifth paragraph of the last named will, I may reject the date to which the codicil itself refers, and may attach the codicil to the will of a date which it ignores.

I do not think I can admit any parol evidence, much less any conjecture or impression, to vary or contradict the words of the codicil itself. I must collect the intention of the decedent from the words he has used. This is the only rule on which any Court can rely with any safety.

Extrinsic evidence cannot be resorted to, to raise doubts· as to the testator's intention, where the terms are not ambiguous. (See *Wigram on Extrinsic Evidence, pp.* 7 and 8; *Jackson* v. *Squire,* 5 *Cowen, p.* 228; *Mann* v. *Mann,* 14 *John. R., p.* 1; *Jarman on Wills, vol.* 2, *p.* 761.)

The case before me, although singular, is not altogether without precedent. I find one in 3 *Vesey R., p.* 402. There the testator executed a codicil in 1776, referring to a will of 1752; devisees of real estate under a will of 1756, filed a bill to sustain the latter; evidence of mistake was rejected, and the bill dismissed. The codicil was held to cancel the intermediate will. (And see *Crosbie* v. *McDonald,* 4 *Vesey R., p.* 616.)

In *Hall* v. *Tokeler,* 2 *Robert., p.* 318, the decedent executed two wills, destroyed the earlier one, *animo revocandi,* and then executed a codicil, showing an intention to revive it; and the codicil was held to revoke the later will, although inoperative to republish the former one, which had been destroyed.

There is no ambiguity here. The testator has said that this codicil is a codicil to his will of 21st June, 1861. He has, by his first codicil, republished that will as his "last" will, thereby revoking the will of 16th March, 1863. He has not thereby revived the will which he designates as that of 21st June, 1861. The effect of what he has done, has been to revoke and abrogate both wills. The codicil propounded cannot stand alone as a testamentary disposition.

There is no way but to declare intestacy in this estate. The widow's petition for administration will be granted.